# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### CASE NO.: 1:25-cv-07906

YULIYA FILIPOVA,

        Plaintiff,

v.

GEZHONG (7-21 DELIVERY),
GUANGZHOUGUANJIEMAOYIYOUXIANGONGSI,
GUANGZHOUJIATONGKEJIYOUXIANGONGSI,
HERUNHUWAI, LIUWJIE, LIYWUDC
LLMYUS (9-16 DAY FOR DELIVERY)
LMYGO (FREE SHIPPING) 7-15 DAYS FAST
MOSHANQING, OFFEREAL STORE
YUZHIUS, XIEXIAORONG-US, LIYAYO99,
XULIJUAN,

        Defendants.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff YURI FILIPOVA ("Filipova" or "Plaintiff"), by and through undersigned counsel, brings this complaint against Defendants GEZHONG (7-21 DELIVERY), GUANGZHOUGUANJIEMAOYIYOUXIANGONGSI, LIYWUDC, LLMYUS (9-16 DAY FOR DELIVERY), GUANGZHOUJIATONGKEJIYOUXIANGONGSI, HERUNHUWAI, LIUWJIE, LMYGO (FREE SHIPPING) 7-15 DAYS FAST, MOSHANQING, OFFEREAL STORE, YUZHIUS, XIEXIAORONG-US, LIYAYO99, and XULIJUANWHO ("Defendants") are promoting, selling, offering for sale and distributing goods bearing copies and substantially similar imitations of Plaintiff's Works within this district through internet based e-commerce stores on online marketplace(s), and in support of its claims, alleges as follows:

## SUMMARY OF THE ACTION

1.      Plaintiff brings this action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, including by electronic means, of one or more copies of its copyrighted works in violation of 17 U.S.C. § 501, and for all the remedies available under the Copyright Act 17 U.S.C. § 101, *et seq.*, The All Writs Act, 28 U.S.C. § 1651(a), and the New York Deceptive and Unfair Trade Practices Act (Fla. Stat. §501.204).

## SUBJECT MATTER JURISDICTION

2.      This court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3.      This court also has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 301.

4.      This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

## PERSONAL JURISDICTION

5.      Defendants are subject to personal jurisdiction in this district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of New York and this district, through internet based e-commerce stores accessible in New York and operating under their Seller IDs.

6.      Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards the state of New York cause Plaintiff injury in New York, and Plaintiff's claims arise out of those activities.

7.     Defendants maintain online internet-based e-commerce stores on online marketplace(s) where Defendants sell a variety of goods to New York residents. New York residents can access the Defendants' online internet-based e-commerce stores on online marketplace(s) to purchase an endless variety of goods.

8.     New York residents can access the defendants' online internet-based e-commerce stores on online marketplace(s) to purchase an endless variety of goods.

9.     New York residents can readily access the defendants' online internet-based e-commerce stores on online marketplace(s). New York residents can browse goods offered for sale by Defendants that are available to ship directly to homes in New York, and also are available for pickup in New York at different locations.

10.     Defendants target their business activities toward consumers throughout the United States, including within this district. Defendants promote sales on the internet to New York residents through a variety of methods including search engine optimization (SEO) efforts, follow-up emails to New York residents, and banner ads promoting products that direct customers, including New York residents, to additional information on those products.

11.     Defendants operate online stores that offer shipping to the United States, including New York, and accept payment in U.S. dollars.

12.     Defendants secure direct financial benefit from purchases made by New York residents as well as indirect commercial gain from the web traffic and sales generated to New York residents.

13.     A substantial part of the Defendants' revenue derives from their sales to New York customers.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA ◆ TEXAS

14.     Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards the state of New York cause Plaintiff injury in New York, and Plaintiff's claims arise out of those activities, pursuant to Fla. Stat. § 48.193.

15.     Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## VENUE

16.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to the court's personal jurisdiction and are not residents in the United States, and there is therefore no district in which an action may otherwise be brought.

17.     Venue is proper in this court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers into this district.

## THE PLAINTIFF

18.     Plaintiff Yuliya Filipova is an artist and sculptor located in Bulgaria.

19.     Plaintiff is a dedicated sculptor located in Bulgaria with over 15 years of experience who is best known for creations of personified mice wearing human clothing and attire. Plaintiff's works are meticulously handmade through a rigorous needle-and-thread design process that very little designers have come to master. Through her creations, Plaintiff offers whimsical joy to its customers by providing enchanting and unique sculptures to admire, turning any normal space into one immediately uplifted and charming. Her works have appeared in several publications, and

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA ◆ TEXAS

have been featured in popular gallery exhibitions. Filipova has a large fan base and following on her social media accounts.

20.     Plaintiff's products are sold through her online storefront at Etsy.com.

21.     Plaintiff offers for sale and sells its products within the state of New York, including this district, and throughout the United States.

22.     Like many other intellectual property rights owners, Plaintiff suffers ongoing daily and sustained violations of its intellectual property rights at the hands of counterfeiters and infringers, such as Defendants herein.

23.     Plaintiff is harmed, the consuming public is duped and confused, and the Defendants earn substantial profits in connection with the infringing conduct.

24.     In order to combat the harm caused by the combined actions of Defendants and others engaging in similar infringing conduct, Plaintiff expends significant resources in connection with its intellectual property enforcement efforts, including legal fees and investigative fees.

25.     The explosion of infringement over the Internet has created an environment that requires companies like Plaintiff to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and itself from the ill effects of infringement of Plaintiff's intellectual property rights, including consumer confusion, the erosion of Plaintiff's brand, and the harm to the value of Plaintiff's intellectual property.

## PLAINTIFF'S COPYRIGHT RIGHTS

26.     Plaintiff is the owner of the copyrights for five (5) sculptures aptly titled: Professor Roland, Mr Grumble, Harry, Christmas Mouse, and Mrs. Claus (collectively, the "Works") which are the subjects at issue in this matter.

27.     The registrations for the copyrighted Works can be found in the table below and are attached hereto as **Exhibit 1**.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA ◆ TEXAS

| Title Of Work | Registration Number | Effective Registration Date | Date of First Publication | Description |
|---|---|---|---|---|
| Professor Roland | VA 2-444-513 | 01/30/2025 | 08/20/2024 | Sculpture |
| Mr Grumble | VA 2-444-510 | 01/30/2025 | 11/10/2023 | Sculpture |
| Harry | VA 2-444-514 | 01/30/2025 | 05/09/2024 | Sculpture |
| Christmas Mouse | VA 2-444-512 | 01/30/2025 | 10/10/2022 | Sculpture |
| Mrs. Claus | VA 2-444-511 | 01/30/2025 | 04/29/2024 | Sculpture |

28.　　The copyrighted Works are scultpures that were each first published in Bulgaria on the dates displayed in the table above and attached to this complaint as **Exhibit 1**.

29.　　At all relevant times Plaintiff was the owner of the Works at issue in this case.

30.　　Plaintiff's copyrighted Works are widely and legitimately advertised, promoted, sold, and licensed by Plaintiff, its authorized distributors, and unrelated third parties via the Internet.

31.　　The Works are protected by copyright but are not otherwise confidential, proprietary, or trade secret.

<u>**DEFENDANTS**</u>

32.　　The Defendants are the following individuals or entities who are currently known to the Plaintiff only by their Seller ID as follows:

| Company Name Provided Online | Seller Name | Seller ID | Physical Address provided online |
|---|---|---|---|
| shenzhenshigezhongkejiyouxiangongsi | GEZHONG (7-21 Delivery) | A2KB45A42DGU3L | 民乐花园20栋302<br>民乐社区民治街道<br>龙华区<br>深圳市<br>广东<br>518000<br>CN |

| Company Name Provided Online | Seller Name | Seller ID | Physical Address provided online |
|---|---|---|---|
| GuangZhouGuanJieMao YiYouXianGongSi | GuangZhouGuanJieMao YiYouXianGongSi | A3UZKMNE209M0V | 天河区棠东东路13号<br>2层225房B107<br>广州市<br>广东省<br>510000<br>CN |
| guangzhoujiatongkejiyou xiangongsi | guangzhoujiatongkejiyou xiangongsi | A9UEL7OQ3Z72Q | 西丽街道平山一路<br>大园工业区14栋3楼<br>PLa01室<br>深圳市<br>南山区<br>广东省<br>518000<br>CN |
| DongGuanShiHeRunHu WaiYongPinYouXianGo ngSi | HERUNHUWAI | A1GTRNBBST4ULI | 平山一路大园工业<br>区14栋3楼<br>tf201室<br>深圳市<br>南山区西丽街道<br>广东省<br>518000<br>CN |
| guangzhouwenjiemaoyiyo uxiangongsi | LIuwjie | A21ENK1OOGNCOL | 均禾街<br>石马夏花一路597三<br>楼301之062房<br>白云区<br>广州市<br>510440<br>CN |

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA ◆ TEXAS

| Company Name Provided Online | Seller Name | Seller ID | Physical Address provided online |
|---|---|---|---|
| shenzhenzepanxingzhoufushiyouxiangongsi | LIywudc | A2W15P22HNFNJH | 福永街道<br>凤凰社区广深路福永段218号方格凤凰科技大楼2栋G25<br>宝安区<br>深圳市<br>518103<br>CN |
| shenzhenshi lulimaoyi youxian zeren gongsi | LLMYUS (9-16 Day for Delivery) | AXIEDFG943R8X | 龙岗区坂田街道马安堂社区布龙路369号<br>东海王工业区B座<br>B302<br>深圳市<br>广东<br>518000<br>CN |
| shenzhenshixuanximaoyi youxianzerengongsi | LMYGO (Free Shipping) 7-15 Days Fast | AH1Q9TDFFBG9K | 龙华区民治街道民治社区<br>梅花山庄盛铭居2栋1单元401<br>深圳市<br>广东<br>518000<br>CN |
| ShanXiMoLuLeKeJiYouXianGongSi | MOSHANQING | A3RMR9VMBJ4RCX | 918号9幢2楼01单元2602号3室<br>小店区<br>体育西路<br>太原市<br>山西省<br>CN |

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA ◆ TEXAS

| Company Name Provided Online | Seller Name | Seller ID | Physical Address provided online |
|---|---|---|---|
| Zhoukou Qing Honglong Trading Co., Ltd | OFFEREAL Store | A2NQ46U4Q1EB02 | 沈丘县留福集镇<br>留福行政村145号<br>周口市<br>河南省<br>466334<br>CN |
| ShangHaiYuZhiDianZiShangMaoYouXianGongSi | YuZhiUS | A3QPU403ZMCYSS | 中国（上海）自由<br>贸易试验区<br>张杨路707号二层西<br>区205室<br>上海市<br>上海<br>200135<br>CN |
| ShenZhenShiRongShiLiMeiZhuangYouXianGongSi | xiexiaorong-us | A1AJPZ2ZBV1CBG | 珞喻路吴家湾邮科<br>院特1号湖北信息产<br>业科技大厦13楼<br>1302<br>武汉市<br>洪山区<br>湖北省<br>430070<br>CN |
| liyayo99 | liyayo99 | liyayo99 | China |
| HeFeiNiuMaoShangMaoYouXianGongSi | XuLiJuan | 101678065 | HeFeiShiShuShanQuJingJiKaiFaQuWenShhuiLu<br>HeFeiShi, AH<br>230088, CN |

33.     Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure

17(b).

34.     Defendants are individuals and/or business entities, each of whom, upon information and belief, either resides and/or operates in foreign jurisdictions, redistributes products from the same or similar sources in those locations, and/or ships their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those locations.

35.     Defendants are engaged in business in New York but have not appointed an agent for service of process.

36.     Upon information and belief, Defendants have registered, established or purchased, and maintained their Seller IDs.

37.     Defendants target their business activities toward consumers throughout the United States, including within this district, through their simultaneous operation of commercial Internet based e-commerce stores via the Internet marketplace websites under the Seller IDs.

38.     Defendants are the past and present controlling forces behind the sale of products infringing Plaintiff's intellectual property rights as described herein operating and using at least the Seller IDs.

39.     Defendants directly engage in unfair competition with Plaintiff by advertising, offering for sale, and selling goods infringing Plaintiff's intellectual property rights to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs and additional names, websites, or seller identification aliases not yet known to Plaintiff.

40.     Defendants purposefully direct some portion of their illegal activities towards consumers in the state of New York through the advertisement, offer to sell, sale, and/or shipment of infringing goods into the State.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA ◆ TEXAS

41.     Upon information and belief, Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the marketplace where they offer to sell and/or sell during the registration or maintenance process related to their respective Seller IDs.

42.     Upon information and belief, many Defendants registered and maintained their Seller IDs for the sole purpose of engaging in illegal activities.

43.     Upon information and belief, Defendants will likely continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale infringements of Plaintiff's intellectual property rights unless preliminarily and permanently enjoined.

44.     Defendants use their Internet-based businesses to infringe the intellectual property rights of Plaintiff and others.

45.     Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the sale of infringements of Plaintiff's intellectual property rights are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement scheme and cause harm to Plaintiff.

46.     Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's right to use and license such copyrights.

## **JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER**

47.     Defendants are promoting, selling, offering for sale and distributing goods bearing copies or substantially similar imitations of Plaintiff's intellectual property within this district.

48.     Joinder of all Defendants is permissible based on the permissive party joinder rule of Fed. R. Civ. P. 20(a)(2) that permits the joinder of persons in an action as Defendants where

any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all Defendants will arise in the action.

49.     Joinder of the Defendants is permitted because Plaintiff asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.

50.     Joinder of the Defendants serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Plaintiffs, Defendants, and this Court.

51.     Joinder of the Defendants will not create any unnecessary delay nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Plaintiff and Defendants alike.

52.     Joinder of the Defendants is procedural only and does not affect the substantive rights of any defendant.

53.     Plaintiff's claims against the Defendants are all transactionally related.

54.     Plaintiff is claiming piracy against Defendants of Plaintiff's intellectual property rights.

55.     The actions of all Defendants cause indivisible harm to Plaintiff by Defendants' combined actions engaging in similar infringing conduct when each is compared to the others.

56.     All Defendants' actions are logically related. All Defendants are all engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from

the same or similar sources while maintaining financial accounts that the Defendants can easily conceal to avoid any real liability for their actions.

57.     Upon information and belief, all Defendants are located in foreign jurisdictions, mostly China.

58.     All Defendants undertake efforts to conceal their true identities from Plaintiff in order to avoid detection for their illegal activities.

59.     All Defendants have the same or closely related sources for their infringing products with some sourcing from the same upstream source and others sourcing from downstream sources who obtain infringing products from the same upstream sources.

60.     All Defendants take advantage of a set of circumstances that the anonymity and mass reach the internet affords to sell infringing goods across international borders and violate Plaintiff's intellectual property rights with impunity.

61.     All Defendants have registered their Seller IDs with a small number of online platforms for the purpose of engaging in infringement of intellectual property rights.

62.     Defendants operate online stores that offer shipping to the United States, including New York, and accept payment in U.S. dollars.

63.     All Defendants use payment and financial accounts associated with their online storefronts or the online platforms where their online storefronts reside.

64.     All Defendants use their payment and financial accounts to accept, receive, and deposit profits from their infringing activities.

65.     All Defendants can easily and quickly transfer or conceal their funds in their use payment and financial accounts to avoid detection and liability in the event that the Plaintiff's anti-counterfeiting efforts are discovered or Plaintiff obtains a monetary award.

66.     All Defendants violated one or more of the Plaintiff's intellectual property rights in the United States by the use of common or identical methods.

67.     All Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

68.     The Defendants are operating multiple internet storefronts and online marketplace seller accounts using different Seller IDs. As a result, there are more Seller IDs than there are Defendants, a fact that will emerge in discovery.

69.     Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the sale of infringements of Plaintiff's intellectual property rights are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement scheme and cause harm to Plaintiff.

70.     Defendants are using infringements of Plaintiff's intellectual property rights to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

71.     Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Plaintiff's economic interests in the state of New York and causing Plaintiff harm and damage within this jurisdiction.

72.     The natural and intended byproduct of Defendants' logically related actions is the erosion and destruction of the goodwill associated with Plaintiffs' intellectual property rights and the destruction of the legitimate market sector in which it operates.

73.     Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights as vested in Plaintiff's Copyrights.

## DEFENDANTS' INFRINGING ACTIVITIES

74.     Defendants are promoting, advertising, distributing, selling, and/or offering for sale cheap copies or imitations of Plaintiff's products in interstate commerce that are infringements of Plaintiff's Copyrights (the "Infringing Goods") through at least the Internet based e-commerce stores operating under the Seller IDs via Amazon.com, Ebay.com, and Walmart.com.

75.     Defendants are using infringements of Plaintiff's Copyrights to initially attract online customers and drive them to Defendants' e-commerce stores operating under the Seller IDs.

76.     Plaintiff has used its Copyrights extensively and continuously before Defendants began offering goods bearing or using unauthorized reproductions or derivative works of Plaintiff's intellectual property.

77.     Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Infringing Goods without authority to use the Plaintiff's intellectual property.

78.     Defendants advertise their e-commerce stores, including their Infringing Goods offered for sale, to the consuming public via e-commerce stores on, at least, one Internet marketplace website operating under, at least, the Seller IDs.

79.     In so advertising their stores and products, Defendants improperly and unlawfully use reproductions or imitations of the Plaintiff's intellectual property without Plaintiff's permission.

80.     As part of their overall infringement scheme, most Defendants are, upon information and belief, concurrently employing and benefitting from substantially similar,

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA ◆ TEXAS

advertising and marketing strategies based, in large measure, upon an illegal use of Plaintiff's Copyrights.

81.     Specifically, Defendants are using infringements of the Plaintiff's intellectual property in order to make their e-commerce stores selling illegal goods appear more relevant and attractive to consumers searching for both Plaintiff's goods and goods sold by Plaintiff's competitors online.

82.     By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods.

83.     Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with Plaintiff's business and its intellectual property assets, and (iii) increasing Plaintiff's overall cost to market its goods and educate consumers via the Internet.

84.     Defendants are concurrently conducting and targeting their infringing activities toward consumers and likely causing unified harm within this district and elsewhere throughout the United States.

85.     As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

86.     Plaintiff, or someone under its supervision, accessed Defendants' Internet based e-commerce stores operating under their respective seller identification names through Amazon.com and Ebay.com.

87.     Upon accessing each of the e-commerce stores, Plaintiff or someone under Plaintiff's supervision was able to view Infringing Goods using the copyrighted Works, add products to the online shopping cart, proceed to a point of checkout, and otherwise actively exchange data with Defendants' e-commerce stores.

88.     Plaintiff or someone under its supervision personally analyzed Defendants' e-commerce stores and determined that Infringing Goods were being offered for sale to residents of the United States, including New York, because Defendants do not conduct business with Plaintiff and do not have the right or authority to use Plaintiff's copyrighted Works for any reason.

89.     Plaintiff made test purchases from Defendants' e-commerce stores. Plaintiff received the product in the United States and determined the products were Infringing Goods in violation of Plaintiff's copyrighted Works.

90.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the Plaintiff's intellectual property, including its right to use and license such Copyrights and the goodwill associated therewith.

91.     Defendants' use of Plaintiff's Copyrights, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Infringing Goods, is without Plaintiff's consent or authorization.

92.     Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights.

93.     If Defendants' intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

94.     Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Seller

IDs and any other alias, e-commerce stores, or seller identification names being used and/or controlled by them.

95.     Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Plaintiff.

96.     Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities and their wrongful use of Plaintiff's intellectual property rights.

97.     The harm and damage sustained by Plaintiff has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Infringing Goods.

98.     Defendants have sold their Infringing Goods in competition directly with Plaintiff's genuine products.

99.     Plaintiff should not have any competition from Defendants because Plaintiff never authorized Defendants to use Plaintiff's intellectual property.

100.    Plaintiff has no adequate remedy at law.

<u>**COUNT I – COPYRIGHT INFRINGEMENT**</u>

101.    Plaintiff incorporates the allegations of paragraphs 1 through 100 of this Complaint as if fully set forth herein.

102.    Plaintiff owns valid copyrights in the Works at issue in this case.

103.    Defendants copied, displayed, and distributed products with one or more of the Works at issue in this case and made derivatives of one or more of the Works without Plaintiff's authorization in violation of 17 U.S.C. § 501.

104.    Defendants performed the acts alleged in the course and scope of its business activities.

105.     On information and belief, Defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

106.     Defendants' acts were willful.

107.     Plaintiff has been damaged.

108.     The harm caused is irreparable.

## COUNT II – DECEPTIVE OR UNFAIR TRADE PRACTICES IN VIOLATION OF NEW YORK LAW

109.     Plaintiff incorporates the allegations of paragraphs 1 through 100 of this Complaint as if fully set forth herein.

110.     The New York General Business Law ("NYGBL") broadly declares in §349 that "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

111.     FDUTPA provides that in construing the statute "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission (FTC) and the federal courts relating to Section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)."

112.      The Integrity, Notification, and Fairness in Online Retail Marketplaces for Consumers Act (INFORM Act) became effective on June 27, 2023, with the primary goal of increasing transparency in online marketplace transactions.

113.     The INFORM Act requires online marketplaces to collect, verify, and disclose specific information about high-volume third-party sellers to protect consumers from counterfeit, unsafe, and stolen goods.

114.     The INFORM act requires marketplaces to display the business name, physical address, and contact information on product listing pages or in order confirmations for sellers with

a gross annual sales of $20,000 within the past two years. This transparency requirement directly addresses consumer protection concerns by enabling buyers to identify and contact sellers, thereby deterring fraudulent activities.

115.    The INFORM Act mandates that online marketplaces collect bank account information, contact information, and tax identification numbers from these sellers.

116.    All the Defendants meet the definition of "high-volume third-party sellers" with annual gross revenues of $20,000 or more.

117.    The Defendants violated the INFORM Act by failing to provide the required information or providing false information.

118.    The INFORM Act explicitly grants enforcement authority to the FTC and violations of the INFORM Act are statutorily defined as "unfair or deceptive acts or practices" under Section 5 of the FTC Act.

119.    The FTC's authority encompasses practices that are "likely to mislead" consumers, even if no actual deception occurs; failure to disclose pertinent facts that could materially affect consumer purchasing decisions constitutes a deceptive practice under established FTC precedent.

120.    When marketplace sellers, such as the Defendants in this case, violate INFORM Act requirements by failing to provide required information or providing false information, they create the precise consumer harm the Act was designed to prevent. Such violations can mislead consumers about seller identity, impede communication regarding defective products, and facilitate the sale of counterfeit or stolen merchandise.

121.    The Defendants' violations of the INFORM Act serves as a predicate violation for Plaintiff's state law unfair or deceptive practice claims.

122.     The defendants' violations of the INFORM Act were a proximate cause of harm to Plaintiff because the violations led to sales by Defendants under circumstances where, *inter alia*, consumers cannot identify sellers or verify their legitimacy; absent required contact information, consumers could not address product defects or seek remedies; non-compliance with the INFORM Act facilitates criminal activity and counterfeit sales; material omissions about seller identity affect consumer choice.

123.     As a direct and proximate result of defendant's unfair or deceptive trade practices, Plaintiff suffered and will continue to suffer loss of reputation among its purchasers and potential purchasers, and Defendants will continue to unfairly acquire income, profits, and goodwill.

124.     Plaintiff has been damaged.

125.     The damage to Plaintiff is irreparable.

126.     Unless enjoined, Defendants' unfair and deceptive practices will continue to deceive the public and injure competition.

WHEREFORE, Plaintiff YULIYA FILIPOVA demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants GEZHONG (7-21 DELIVERY), GUANGZHOUGUANJIEMAOYIYOUXIANGONGSI, LIYWUDC, LLMYUS (9-16 DAY FOR DELIVERY), GUANGZHOUJIATONGKEJIYOUXIANGONGSI, HERUNHUWAI, LIUWJIE, LMYGO (FREE SHIPPING) 7-15 DAYS FAST, MOSHANQING, OFFEREAL STORE, YUZHIUS, XIEXIAORONG-US, LIYAYO99, and XULIJUANWHO as follows:

a.     Entry of temporary, preliminary, and permanent injunctions pursuant to the Copyright Act and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA ◆ TEXAS

acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Goods; from copying, displaying, distributing or creating derivative works of Plaintiff's copyrighted Works.

b. Entry of a Temporary Restraining Order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using infringements that copy, display, distribute or use derivative works of Plaintiff's copyrighted Works.

c. Entry of an order authorizing seizure, impoundment and/or destruction of all of the products used to perpetrate the infringing acts pursuant to 17 U.S.C. § 503.

d. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by this Court disable and/or cease facilitating access to the Seller IDs and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods using infringements of the Works.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA ◆ TEXAS

e. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, inter alia, a direct platform, group platform, seller product management platform, vendor product management platform, and brand registry platform, any and all listings and associated images of goods using infringements of Works via the e-commerce stores operating under the Seller IDs, and upon Plaintiff's request, any other listings and images of goods using infringements of the Works associated with any ASIN linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods using infringements of the Works.

f. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and this Court's inherent authority that, upon Plaintiff's request, Defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of each Defendant using infringements of Works in his inventory, possession, custody, or control, and surrender those goods to Plaintiff.

g. Entry of an Order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' copyright infringement, or statutory damages (at Plaintiff's election), for all infringements involved

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA ◆ TEXAS

in the action, with respect to any one work, for which any one Defendant is liable individually, or for which Defendants are liable jointly and severally with another, in a sum of not less than $750 or more than $30,000 as the Court considers just pursuant to 17 U.S.C. §504(c)(1), or to the extent the Court finds that infringement was committed willfully, an award of statutory damages to a sum of not more than $150,000 per violation, pursuant to 17 U.S.C. §504(c)(2).

h. Entry of an award pursuant to 17 U.S.C. § 505 of Plaintiff's costs and reasonable attorneys' fees and investigative fees, associated with bringing this action, including the cost of corrective advertising.

i. Entry of an award pursuant to the state unfair or deceptive practice statutes sued upon for actual and/or statutory damages, Plaintiff's costs and reasonable attorneys' fees and investigative fees, associated with bringing this action.

j. Entry of an Order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s)

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ INDIANA ◆ TEXAS

and remain restrained until such funds are surrendered to Plaintiff in partial

satisfaction of the monetary judgment entered herein.

k.   Entry of an award of pre-judgment interest on the judgment amount.

l.   Entry of an Order for any further relief as the Court may deem just and

proper.

DATED: September 23, 2025                Respectfully submitted,


*/s/ Debbie C. Yang*
DEBBIE C. YANG
New York Bar Number: 6087050
debbie.yang@sriplaw.com
JOEL B. ROTHMAN
New York Bar Number: 2459576
joel.rothman@sriplaw.com

**SRIPLAW, P.A. – New York Office**
41 Madison Avenue, 25th Floor
New York, NY 10010
561.404.4350 – Telephone
561.404.4353 – Facsimile

**SRIPLAW, P.A. – Florida Office**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Yuliya Filipova*