UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YULIYA FILIPOVA,<br><br>                    Plaintiff,<br><br>-against-<br><br>GEHZONG (7-21 DELIVERY), GUANGZHOUGUANJIEMAOYIYOUXIANGONGSI, LIYWUDC, LLMYUS (9-16 DAY FOR DELIVERY), GUANGZHOUJIATONGKEJIYOUXIANGONGSI, HERUNHUWAI, LIUWJIE, LMYGO (FREE SHIPPING) 7-15 DAYS FAST, MOSHANQING, OFFEREAL STORE, YUZHIUS, XIEXIAORONG-US, LIYAYO99, AND XULIJUAN,<br><br>                    Defendants. | Case No. 1:25-cv-07906 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

WHEREAS, Plaintiff Yuliya Filipova ("Filipova" or "Plaintiff") having moved *ex parte* against Defendants Gezhong (7-21 Delivery), Guangzhouguanjiemaoyiyouxiangongsi, Liywudc, Llmyus (9-16 Day for Delivery), Guangzhoujiatongkejiyouxiangongsi, Herunhuwai, Liuwjie, Lmygo (Free Shipping) 7-15 Days Fast, Moshanqing, Offereal Store, Yuzhius, Xiexiaorong-us, Liyayo99, and Xulijuan (collectively, "Defendants") for a temporary restraining order and an order to show cause why a preliminary injunction should not issue;

WHEREAS, on October 6, 2025, the Court entered an Order granting Plaintiff's application ("TRO"), which, among other things, ordered Defendants to appear on October 16, 2025, at 11:00 a.m., to show cause why a preliminary injunction should not issue (the "Show Cause Hearing");

1

WHEREAS on October 9, 2025, Plaintiff wrote a letter to the Court requesting to extend the TRO, including the date of the Show Cause Hearing;

WHEREAS on October 10, 2025, the Court granted Plaintiff's request, extending the TRO and adjourning the Show Cause Hearing to October 30, 2025, at 10:00 a.m. ("Amended TRO");

WHEREAS on October 21, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, Amended TRO, and URL linking to the full text of all documents filed in this action;

WHEREAS on October 30, 2025, at 10:00 a.m., Plaintiff appeared at the Show Cause Hearing, and none of the Defendants appeared.

For the reasons set forth on the record at the Show Cause Hearing, the Court finds that:

**PRELIMINARY FACTUAL FINDINGS AND CONCLUSIONS OF LAW**

A.  Plaintiff is likely to prevail on her Copyright Act and New York state law claims at trial.

B.  As a result of Defendants' infringements, Plaintiff and consumers are likely to suffer immediate and irreparable losses, damages, and injuries:

   a. Defendants have offered for sale and sold substandard counterfeit products in the United States that infringe Plaintiff's copyrights Mr. Grumble (VA 2-444-510), Mrs. Clause (VA 2-444-511), Christmas Mouse (VA 2-444-512), Professor Roland (VA 2-444-513), and Harry (VA 2-444-514), (together, the "Works"); and

   b. Plaintiff has well-founded fears that more counterfeit products will appear in the United States marketplace; that consumers may be misled, confused, and disappointed by the quality of these counterfeit products, resulting in injury to

Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Works.

C. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, her business, the goodwill and reputation built up in and associated with the Works and her reputation if the relief granted in the Amended TRO is not continued through the pendency of this action.

D. Public interest favors issuance of the preliminary injunction order to protect Plaintiff's interests in and to the Works, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard counterfeit products as the Works.

## ORDER

The injunctive relief previously granted in the Amended TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65. Accordingly, this Court orders that:

1. Each Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with any Defendant are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action of until further order of the Court:

    a. Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing or using the Works, other than those actually manufactured or distributed by Plaintiff; and

    b. Secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing or using the

        Works; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing or using the Works; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant;

2. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Works on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs. This order is limited to the Defendants' listings using the Works, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs, and does not apply to the Defendants' entire e-commerce stores.

3. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Works from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or

operated by any Defendant, including the Internet based e-commerce stores operating under the Seller IDs.

4. Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

5. Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller Ids that may have been deleted before the entry of this Order.

6. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms including but not limited to Amazon.com ("Amazon"), eBay.com ("eBay"), Walmart.com ("Walmart"), and any other Third Party Providers, including PayPal, Amazon Pay, Stripe, and others, shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified,

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court;

7. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to Amazon, eBay, Walmart, PayPal, Stripe, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details: (i) an

       accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and subaccount(s) which have been restrained; (iii) the historical sales for the defendants' listings that are alleged to infringe Plaintiff's copyrights; and (iv) the true identities along with complete contact information including email addresses of all defendants.

8. No funds restrained by this Order shall be transferred or surrendered by any Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website including but not limited to Amazon, eBay, Walmart, PayPal, Stripe, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

9. No Defendant whose funds are restrained by this Order may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to Amazon, eBay, Walmart, PayPal, Stripe, and their related companies and affiliates restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

10. This Order shall apply to the Seller IDs, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, websites, or financial accounts which are being used by defendants for the purpose of counterfeiting and/or copying the Plaintiff's Works.

11. As sufficient cause has been shown, pursuant to Fed. R. Civ. P. 4(f)(3), service of this Order may be made on, and shall be deemed effective as to the Defendants if it is completed by the following means:

    a. Plaintiff shall provide notice of this Order to Defendants by serving a copy of this Order on Defendants by e-mail and/or online contact form or other means of electronic contact provided on the e-commerce stores operating under the Seller IDs, or by providing a copy of this Order by e-mail to the marketplace platform for each Seller ID so that the marketplace platform, in turn, notifies Defendants of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.

    b. Plaintiff shall post copies of this Order, as well as all other documents filed in this action on the website located at the URL www.sriplaw.com/notice and shall provide the address to the website to the Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.

    c. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at the URL www.sriplaw.com/notice, or by other means reasonably calculated to give notice which is permitted by the Court.

12. Any Defendants subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Southern District of New York Local Rules. Any third party impacted by this Order may move for appropriate relief.

13. The five thousand dollar ($5,000) bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

Dated: October 30, 2025
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
UNITED STATES DISTIRCT JUDGE